UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**KEVIN KASHON HERRING,**

    Plaintiff,

v.                                                               Case No. 2:21-cv-322-NPM

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

---

## ORDER

Before the court is plaintiff Kevin Herring's unopposed motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 31). On June 14, 2022, the court reversed and remanded the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 29). Final judgment was entered June 15, 2022. (Doc. 30). Now, Herring requests an award of $7,610.49 in attorney's fees. (Doc. 31). The motion is granted.

To receive an award of fees and costs under EAJA, the following five conditions must be established: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances

that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Herring requests 35.5 hours of work performed at $214.38 an hour. (Doc. 31 at 3; Doc. 31-1). After review

of the services provided, the requested hourly rate and hours expended were reasonable

Accordingly, the motion for EAJA fees (Doc. 31) is **GRANTED** and the clerk is directed to amend the judgment to include an award to Herring of **$7,610.49** for attorney's fees. This award may be paid directly to plaintiff counsel if the United States Department of Treasury determines that no federal debt is owed by Herring.[1]

**ORDERED** on September 15, 2022.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[1] Herring filed a signed Contingent Fee Agreement. (Doc. 31-2). Under the contract, Herring waived directed payment of the EAJA fees and assigned his rights to any EAJA fees to his attorney. (*Id.*).